Both sides in this case seem to agree that the consent decree approved by the district court needs to be vacated. The only question is the rationale. In our view, the case is not moot, and the consent decree should be vacated on the merits. The plaintiff and defendant, allied as appellees here, take the view the case is moot and the consent decree should be vacated because the case is moot. I think, quite frankly, as long as the consent decree is vacated, we're going to be happy with that end result. I think our role here today is to try to offer some guidance as to procedurally how we think this ought to work. It's a little bit unusual to say, in some respects, that an alternative effort to comply with a consent decree, which I think is what the Vote Center plan represents, actually moots the consent decree. It just seems like a different way of accomplishing the same result that they had already accomplished. Indiana law remains in place that gives the Marion County Election Board, at least absent the consent decree, the opportunity later on to get out from the Vote Center plan, if they so choose, and then have no early voting satellite precincts. It just is not really a coherent way to think about mootness, as I understand it, the doctrine. We talk about controversies being moot. We don't talk about judgments being moot. The argument that the original parties to this suit are making is that the consent decree is moot because we now have this new plan that everybody agrees with, and it gives us even more protection, and it can't be changed without a unanimous vote, which means bipartisan cooperation. Kumbaya, everything's great. But judgments don't become moot. There's still a judgment on the books. It still is in perpetuity. And it can be punished by contempt if, even in the unlikely event, it's violated. Couldn't have said it better myself, Your Honor. I think that's all true. But this controversy isn't moot, as I understand. The state argues that what happened below was a collusive attempt to violate state law. It seems that way. When you look at what happened with the development of the way the Marion County Election Board entered into the case where there was a majority of one party that was able to make litigation decisions without a unanimous vote, and they seemed to be inclined to accomplish through that means what they couldn't accomplish under the statute. So they didn't put up a substantive defense against the preliminary injunction. And we actually offered an amicus brief to offer that substantive defense, and the district court rejected it. And then by the time we get to the offer of consent decree, initially there's no suggestion that that was agreed to unanimously. After the fact, there was a ratification that was done unanimously. But even there, you've got a violation of the one year expiration date under the statute. We did our best to ask for reconsideration so that we could get our objections noted. And we're very concerned that the end result remains this consent decree, this injunction that precludes future office holders from coming to different policy determinations. In any event, there's no way to say that our appeal is moot, which I think is the principal argument from the other side. I mean, as long as this injunction is in place, we as the state, as the interveners, we are injured. We have grounds to prosecute this appeal. If there were any argument that the court was inclined to agree with that somehow the underlying dispute was moot and therefore the consent decree wasn't necessary, the proper way to dispose of that would not be to dismiss the appeal but to vacate the injunction, to vacate the decree, and then remand with instructions to dismiss the case. So I think that procedurally is how one would go if the other side was correct in its mootness assessment. But we are very concerned that indeed as long as that injunction is in place and the district court has given indicative ruling that the judge does not view the underlying dispute as moot. And so we think we've got to get to the merits on this. And we think on the merits there was just never any finding of a violation of federal law that would justify an injunction that requires parties to violate state law. And that's absolutely critical in this context. And the Marin County Election Board and Common Cause make no effort to defend it. So I'm not even sure what to say at this point because the points that we've made in our brief are unrebutted in that regard. So that's I think procedurally that what we can do is lay out the options for the court and try to answer any questions you've got. But I'm not sure what to argue against at this point on the merits. If there's nothing else, I think I'll just sit down and let the other side take over. All right. Thank you. Go ahead. Thank you, Mr. Chairman. Good morning. Thank you, Your Honors, and may it please the court. The evidence in the record does not support the assertion that there was collusion by the board of the plaintiffs. The board consistently, until there was a preliminary injunction entered in this case, opposed the assertion that there was a discriminatory intent by the board in not enacting satellite vote centers. There was a settlement conference in this case before the preliminary injunction. The parties didn't settle. The state was present at that settlement conference. So the opportunity for this idea of collusion between the plaintiff and defendant in this case, it just isn't there. Now what did change is that when the court entered a preliminary injunction in this case, ordering the creation of two satellite vote centers for the fall 2018 election, that changed everything. We had findings of fact that, when presented to our client, created a problem. And that's when the board looked for ways to exit the litigation. The consent decree in this case was preceded by a unanimous vote by the Marion County Election Board to enact satellite vote centers in excess of what the district court's preliminary injunction required. The board did not oppose the preliminary injunction, as I understand it. The board filed a brief in response to the motion for preliminary injunction that outlined the reasons why the board did not believe that the failure to enact vote centers was not discriminatory. So we put forward for the court's review the basis for which, that were in the record, that supported the idea that vote centers were not enacted. Now it is true that, since 2008 at least, the majority of the board has supported vote centers. So that is an accurate statement. But again, there is no evidence in the record that the litigation strategy taken by the board was ever disagreed to or opposed by the minority on the board. Now what happened after the fall 2018 election is why we think that the consent decree in this case is no longer necessary and, in our view, is moot. And that is because of the enactment of the vote center plan. It is no longer possible for a minority of the board to oppose vote centers. Vote centers are now here to stay in Marion County, regardless of whether there is a dissent on the board. For this plan to change and for us to go away from the six satellite vote centers that are required for general elections, you have to have another unanimous vote of the board. And that, in all practical reality, isn't going to happen anytime soon. And it certainly cannot happen under Indiana law for political reasons. Because Indiana law requires a change to that plan to be unanimous and bipartisan. So that is why we believe that the consent decree, and this is what we asked the district court for a ruling on and a motion for indicative ruling, was that this consent decree is no longer necessary. This dispute is moot. That is also why we don't believe that this appeal needs to proceed any further. The dispute between the state, which their objection is we are overriding the will of the Marion County Election Board members who may want to vote against satellite voting. Well, those votes don't happen anymore under Indiana law. There is no longer an every-election vote to establish satellite vote centers in Marion County. So that is why we believe that this dispute is moot and that the appeal can be dismissed. Whether the district court is ordered to vacate the consent decree or this court vacates the consent decree on its own or does nothing has no practical effect to my client or even the plaintiff in this case. So if we vacate the consent decree, that's acceptable to you? And direct the district court to dispute? It makes no practical difference. The Munsingware vacature precedent didn't seem to apply to us because it was the Marion County Election Board, the defendant in this case, that took the action that we believe mooted the case. Bank Corps says that if you unilaterally moot a dispute via settlement or however, you don't get to rely on Munsingware. But if the court believed Munsingware should apply and that the court should vacate the consent decree on its own, it doesn't make a difference to either the plaintiff or the defendant. Unless your honors have any other questions. Thank you, Mr. Polin. General Fisher. Thank you, your honor. U.S. Bank Corp. v. Bonner Mall says that when parties mutually agree to settle a case, they can't get their own judgment vacated. That has no application to Indiana, which is the injured party and which is pursuing this appeal. This case, to the extent it became moot at all, became moot through no fault of Indiana. And that line of cases applies to settlement on appeal. Right. I know. Munsingware is the guiding force here. Now, I must have been a little confused about what my friend has said about the preliminary injunction stage because, of course, vote centers were not an issue there. It was the satellite early voting precincts that were an issue there. And I think, if I understood correctly, there was some measure of concession, at least, that there wasn't a substantive defense offer. Now, whether the minority member of the board agreed with what the majority was doing, I think, is irrelevant. The point is that the board, at that point, was not opposing the substance of litigation. With respect to the settlement conference, I think we were afforded the opportunity to go and sit in a room and there wasn't any substantive participation there. So, in any event, we think the case is not moot at this point. The consent decree needs to be vacated. In our view, on the merits, regardless, vacated for one reason or another. Thank you. Thanks to both counsel. The case is taken under advisement.